⤳ MAY 9, 1804.

# Andrew Gimblin *v.* John Harrison.

*Upon an appeal from a decree of the Circuit Court of Mercer county.*

Where A purchased land of B, which neither of them had ever seen, A taking the representations of a third party as to its quality and location, the maxim *caveat emptor* applies, and having taken no covenant warranting the quality or location of the land, he is without remedy, if the quality or location be not as represented.

The material question in this cause is, did the appellee make such misrepresentation of the quality or situation of the land sold by him to the appellant as ought to avoid the sale.

The appellant states in his bill, that the appellee positively stated and assured him that it was good second-rate land, and that he was induced to sell it as such from the information given him by Richard Barbour, on which statement and assurance he, the appellee, relied. He further states that the land does not lie at the place described, nor is it of the quality represented, and not worth twenty dollars.

The appellee, in his answer, states that he sold and conveyed the land agreeable to the calls of the patent, and that it lies agreeable to contract, and where it is said to lie in the patent, and denies that he was guilty of any deception or misrepresentation as to the quality; that he informed the appellant he had never seen the land, but that he heard Richard Barbour say it was second-rate land; he denies that he warranted the land to be second-rate, or gave any other assurance than as aforesaid, from information which he believed to be true, as the land was entered with the commissioners of the tax as second-rate land, in the lifetime of the said Richard Barbour, by him, and paid for as such.

It is proved that the appellee informed the appellant that the land was located by Richard Barbour; that he, the appellee, was unacquainted with the quality of it, but had been informed by Barbour it was second-rate land. It is further proved that the appellant said he had purchased the land on the representations of Richard Barbour, who was a man that could be depended on, and who had located the land; that he did not purchase upon the word of the appellee, for he had never seen it. From these allegations and proofs, it is evident there was no misrepresentation as to the *quality* of the land: But the situation thereof is different from that described in the certificate of survey and deed; these represent it as being fifty poles below the mouth of Deserter's fork; the survey returned in the cause shows it to be fifty poles above the mouth of the said fork. This makes a difference of one hundred poles, and the quality of the land lying between appears to be second-rate, and the other land of very inferior quality.

As neither the appellant nor the appellee had seen the land before the purchase was made, and the appellant trusted to the representation of a third person, and omitted to examine into the quality and situation of the land, which were objects on which he might have exercised his observation and judgment, and protected himself from surprise or imposition, the maxim *caveat emptor* ought to apply, and to provide against this rule he should have required an express warranty; but having neglected both, however hard his situation may be, he must submit to it.

Therefore, it is considered by the court, that the decree aforesaid be affirmed, that the appellee may proceed to have the benefit of the same in the court below, and recover of the appellant his costs in this behalf expended, which is ordered to be certified to the said circuit court of Mercer county.