Shackelford, J.,
delivered the opinion of the Court.
This is an action of replevin brought in the Circuit Court of Weakley, by the defendant in error, to recover the possession of a mule, which he alleges, is wrongfully detained from him. The plea ‘‘not guilty,” was filed to the declaration. The proof is very vol *7 uminous, aud coflicting. It appears that the defendant in error, in the Spring of 1864, traded with one Mat. Vowell, for the mule in controversy. A short time previous to the trade, in one of adjoining counties, Mat. Vowell, the vendor of the defendant in error, in company with five or six soldiers, who were armed, was passing a field in which some negroes were at work, one of whom was ploughing the mule. Vowell’s animal was foundered; he went into the field, and demanded the mule of the negro — said he would take it, or wanted it —would leave his mare in exchange. A white man came up; Vowell made the same remark to him; he appeared unwilling to give up the mule. Vowell took the mule, and rode off, leaving his mare in charge of the person from whom he took the mule; in the language of the witness, they “swapped,” as soldiers trade. From the proof, the mare of Vowell’s, was worth more than the mule taken. A few days thereafter, Vowell traded the mule to defendant in error. A short time after the trade, the defendant in error entered the service of the Confederate Army as a cavalry soldier, riding the mule. He continued in the service four months, when he .returned home, bringing this mule with him. After his return, the mule was taken from his possession by the orders of a Confederate Captain, as the property of the Confederate authorities, and delivered to one Bon-durant, a soldier in the service. He continued in the possession of the mule, until the Spring of 1865, when the command in which he was a soldier, surrendered to the United States forces. Bondurant returned home bringing this mule with him. Shortly thereafter, the plaintiff in error, obtained possession of the mule, *8 claiming it as bis property. A number of witnesses identified the mule, as the one purchased by the defendant in error, of Mat. Yowell, and used by defendant and Bondurant, while in the Confederate service. A number of the witnesses proved positively, the mule was foaled the property of the plaintiff in error; they had known her from the time the animal was a colt, and was raised by plaintiff in error. His mule was stolen in the Spring, or Summer of 1864.
This cause was submitted to a jury. The Court in substance, charged the jury, if they should find, from the proof that at the commencement of the suit, the title to the property in controversy, was in defendant in error, they should find for him, and assess his damages at one cent, he having replevied the animal.
But if they should find the mule in controversy, to be the one taken from the plaintiff in error, as is alleged, about the 1st of September, 1864, they would return a verdict, the plaintiff in error is guilty as alleged, and find the value of the mule in controversy, and assess the damages, against the plaintiff in error, and his securities, by reason of the wrongful detention from the day of replevin to the time of the trial; in which verdict they could allow the defendant in error the highest price he had proved the mule to be worth, in order to enforce the return to him by plaintiff in error. The counsel for the plaintiff in error, requested the Court, among other instructions, to give the following:
“ If Mat. Yowell obtained the mule by robbery, or force from the true owner, and afterwards traded it to *9 defendant in error, that such transaction 'would not communicate such title to the defendant in error, as would enable him to maintain the action.” The Court declined to give the instructions asked for, to which the plaintiff in error, excepted. A verdict' was rendered by the jury, for the defendant in error.
A new trial was moved for, which motion was overruled. Plaintiff in error, tendered his bill of exceptions, which was signed, anil made a part of the Record,' and the cause is before us upon writ of error.
Several questions have been discussed in the argument. The principle question presented for our consideration, is: Did the Court err, in refusing to give the instructions asked for by the plaintiff in error ? Eor the solution of this question, it becomes necessary to look to the object and purposes of the action of replevin, and see what defense can be made to the action.
The purpose of the action of replevin, is, to recover in specie, the personal chattel which had been taken and detained from the owner’s possession, under the plea of “not guilty.” It is competent for the defendant in this action, to show that the tiPe to the property replevied, is not in the plaintiff, but in himself, or a third person, and thereby defeat the action. The plaintiff cannot succeed, unless he prove either a general or special property in himself: 1 Sneed, 316; 2 Greenleaf Ev., 563.
Property acquired by robbery, does not vest such title in the trespasser as will authorize him to maintain the action. Nor does his vendee, by his purchase, acquire greater rights than those of his vendor.
*10 By the common law, where goods were stolen, unless they were sold in market, overt no title passed; and as we have no market overts in this State, it follows, where goods, or property have been stolen, or taken by robbery, any sale, or number of sales, cannot affect the title of the true owner, no matter how innocent the purchaser may have been of any participation in, or any knowledge of the felony. But in regard to the possession of goods obtained by fraud, or under a color of contract, the consequences are very different, so far as respects purchasers, from the fraudulent vendor: 5 Sneed, 712.
It follows, therefore, where the property has been stolen, or the possession acquired by robbery, the trespasser cannot maintain an action for the detention of it. Nor can his vendee, where it appears from the proof, that the property was thus acquired.
The Court erred in refusing the instructions. Whether the possession of the property was obtained by robbery, by the vendor, of the defendant in error, or under a color of [a contract, was a question for the jury to determine from the proof.
That part of His Honor’s charge in which he instructed the jury; if they find the title to the property to be in the defendant in error, he was entitled to recover the property, and one cent damages for the detention, is error. But it is not such error of which the plaintiff in error, can complain. Section 3389, of the Code, provides, an issue being found for the plaintiff, the jury will ascertain the plaintiff’s damages for the seizure and detention, and judgment will be rendered *11 therefor, with cost. Other questions have been discussed, hut it is unnecessary to determine them, in the view we have taken of the case.
The judgment of the Circuit Court will he reversed, and a new trial awarded. The cause will be remanded.